UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WADE SNIVELY, | ) | CASE NO. 5:05 CV 2740 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 23, 2005, plaintiff pro se Wade Snively filed this action against the United States Department of Justice, United States Attorney General Alberto Gonzales, Ohio Attorney General James Petro, Ohio Supreme Court Chief Justice Thomas Moyer, the Ohio Supreme Court Disciplinary Counsel, the law firm of Harrington, Hoppe & Mitchell, LTD., Attorney Lance Morrison, Attorney Michael McGee, Columbiana County Court of Common Pleas Judge Charles Ashley Pike, Columbiana County Prosecutor Robert Herron, Columbiana County Common Pleas Clerk of Courts Anthony Dattillio, the Columbiana County Commissioners, Columbiana County Sheriff David Smith, Business Associate Roy Paparodis, Business Associate Martha Paparodis, and Attorney Earl Miller. In the complaint, plaintiff alleges the defendants failed to honor or interfered with a business agreement. He seeks monetary damages and the pursuit of criminal charges against the defendants.

*Background*

Mr. Snively alleges that Mr. Paparodis was a shareholder in Timberlanes, Inc. from the date of its incorporation until 2002. Plaintiff contends that on December 4, 2002, he, on behalf

of the Snively Family Trust, and Mr. Paparodis signed an agreement for the sale of the stock. The terms of that agreement are not completely set forth in the pleading; however, it appears that Mr. Snively gave Mr. Paparodis a check and a promissory note. Mr. Snively alleges that the agreement was rescinded shortly thereafter and his check was cancelled.

Another agreement was signed on December 9, 2002. Mr. Snively contends the second agreement was intended to completely take the place of the agreement signed on December 4, 2002. Mr. Snively states that he gave Mr. Paparodis a new check. Mr. Paparodis was to remain as the obligor on a loan from Sky Bank. Mr. Snively claims that if any of the terms of the second agreement were not fulfilled, the Snively Family Trust would continue to operate the business known as Timberlanes, Inc. for a percentage of the profits until the sale could be completed. If the terms of the agreement could not be fulfilled at any time, the agreement would be null and void and the sale would be terminated.

Mr. Snively contends that Mr. Paparodis fraudulently prepared the accounting books to conceal loans obtained from Martha Paparodis. These loans were allegedly entered on the company financial documents as income so that it would appear that the company was profitable. Mr. Snively claims that during this same time period, Mr. Paparodis was preparing to file bankruptcy for the business. At some point, Mr. Paparodis, through his attorneys, removed his name as the obligor on the loan from Sky Bank. Mr. Snively states this action voided the agreement.

In early 2004, Mr. Paparodis allegedly called Mr. Snively and threatened to open a competing business if Mr. Snively did not pay the amount of the promissory note executed in the first agreement. Mr. Snively states that the promissory note was rescinded when the first agreement was cancelled and refused the request. He points out that the check made payable to Mr. Paparodis

2

was also cancelled.  He claims Mr. Paparodis then offered to set fire to Timberlanes, Inc. in order to collect the insurance money as payment on the promissory note.  Mr. Paparodis allegedly told Mr. Snivley they would not be prosecuted because he knew local judges and prosecutors.  This offer was also refused.  Mr. Snively claims Mr. Paparodis finally threatened to file a case in Common Pleas Court to collect on the promissory note.  He states Mr. Paparodis was confident he would be successful because his relationship with the judge would allow him to control the case.

On July 30, 2004, Mr. Paparodis filed an action against Mr. Snively and the Snively Family Trust in the Columbiana County Court of Common Pleas to enforce payment of the promissory note, being Case No. 2004 CV 00712.  Judgment on the issue of liability alone was granted in favor of Mr. Paparodis on July 7, 2005.  Thereafter, Mr. Snively filed an affidavit with the Ohio Supreme Court attempting to have Judge Ashley Pike disqualified from the case.  The Ohio Supreme Court denied the motion for disqualification.  Mr. Snively then filed a Motion to Vacate the Judgment which was denied on September 23, 2005.  He then filed the within federal action and attempted to have the state court join its case to the federal action.  The state court denied the Motion and entered a money judgment.  Mr. Paparodis is currently proceeding on the execution of the judgment in the Columbiana County Court of Common Pleas.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action will be dismissed pursuant to section 1915(e).

As an initial matter, Mr. Snively identifies no specific legal claims in his complaint.  He indicates in general terms that he is raising claims for violations of Ohio law and the United States Constitution.  Principles requiring generous construction of pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

action. See Wells, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the claim or claims upon which plaintiff intends to base this action.

Even if he had identified a federal claim, this court would lack jurisdiction to entertain this matter. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. Degrade, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Court of Appeals for the Sixth Circuit has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a

district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff's complaint centers on his belief that the second agreement completely took the place of the first agreement while Mr. Paparodis apparently argued successfully that the second agreement supplemented the first.  Mr. Paparodis filed an action in Common Pleas Court and received a money judgment in his favor.  All of Mr. Snively's claims are predicated on his belief that the state court was incorrect in its decision.  Any review of federal Constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him.  This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

## *Conclusion*

Accordingly, plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 3) is GRANTED; and this action will be dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated:  February 21, 2006  /s/  John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:
An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.